Case number 16-7142, Chamin Kaplan, individually and naturally guardian, and guardian of plaintiffs MK1, ALK, MK2, CK, and EK et al. for the appellant, and versus the Central Bank of Islamic Republic of Iran, also known as Bank Marqazi Jamhoori, Islami Iran et al., Mr. Katz for the appellant, Mr. Frey for the appellant. Good morning. In 2006, a period of about 34 days, Hezbollah launched thousands of rockets into civilian areas in Israel with the sole intent of terrorizing the civilian population, killing, maiming, injuring, instilling fear in the civilian population. They packed in those rockets thousands of steel ball bearings, 4mm, 6mm, depending on the rocket, excuse me, the sole purpose of which was to hurt people. Those steel ball bearings don't do anything to harden military objects, structures and tanks and what not. It don't have any military objective at all. The purpose of the bearings, again, was to hurt people. The plaintiffs are those victims and their families seeking relief under the Anti-Terrorism Act. The Anti-Terrorism Act, of course, has an exception, the Act of War has an exception that animates much of this litigation. The district court decided that these attacks, these clear, grotesque acts of terrorism were nonetheless acts of war because they coincided with the war, what the district court referred to as a war happening elsewhere and resolved the case on that basis despite not reaching personal jurisdiction. The Supreme Court has made clear, and this court has made clear many times, you can't do that. You first have to establish, you and the district court, has to first establish your right to declare law, your right to adjudicate, your right to jurisdiction before actually adjudicating, before declaring law. By skipping over personal jurisdiction, the district court's actions were ultra-virus and void on that ground. There's a lot of interesting things to talk about in this case. Do you think you have personal jurisdiction? Yes, Your Honor, but I think that the record is badly incomplete below, in large part because we've learned a lot since we put our record forth, I think, in 2010 on this issue. It's been quite a long time, and the case law has changed dramatically. But I think under existing law... Not in a helpful way for you. Well, yes and no. Some of the cases have been helpful. Some of the cases have been harmful. And certainly as a matter of general jurisdiction, I think we can see that that's over. But I think that there are very significant avenues now that maybe didn't exist quite so clearly to argue that Hezbollah's deliberate... Hezbollah and the banks, the appellees here, deliberate targeting of the United States... Let me clarify. The banks did not do it directly. It was a dating event. But they knew it was going on, we posit. And we think they have evidence to support that. They were directly targeting the United States, and that fact is enough to create personal jurisdiction. Is there... Remand is necessary here because the record is so incomplete. Wait, I mean, you tried... I'm sorry? Why aren't you standing to raise this? Standing to raise personal jurisdiction? Yeah. Well, we didn't raise it in this appeal. In the Hezbollah appeal, it's slightly more complicated, but the banks raised it below. It was litigated below. But the banks raised it, the district court didn't reach it. But I think the question is, isn't there something a little bit odd about your raising an argument now as to which you think you should win? No, if you look ahead to what we're anticipating is going to happen. We hope to get a judgment against the banks that we hope to then enforce. Other victims of terrorism... There's a little background on how this works, if you're not aware. The Seventh Circuit has some dicta on this. It's very interesting. They call it a cruel race between victims of terrorism. Victims of terrorism get judgments that are very often not easily enforceable because there's no assets. They have to compete against each other to gain whatever assets are available. Usually, not enough. Not enough to go around, certainly. And these victims of terrorism have to fight against each other in these enforcement actions. It's extremely likely that another set of victims is going to try to get money that we've attempted to seize saying our judgment's not enforceable because personal jurisdiction was not established and therefore the district court's decision was ultraviolet and void. But at that point, that's the enforcement proceeding, I guess, right? Correct. At that point, wouldn't personal jurisdiction be litigated anew? It's not as if at that point we know that there's a problem with the judgment because personal jurisdiction wasn't established. The question would be whether there was personal jurisdiction in the first suit. No? Is that not how it works? I suppose it could be raised, but I don't think so. I mean, we, the future court, would have to establish that the district judge below properly entered judgment. Right. And if not, then the judgment is void. Determining after the fact, there's another court sitting and reviewing this in some other circuit. But suppose, for example, the second proceeding happens and the defendants, they can waive personal jurisdiction, right? Correct. So suppose in the second proceeding they just waive personal jurisdiction. Any objection on personal jurisdiction grounds? Could that not happen? I don't believe so. They can't really waive it retroactively. At that point, they would be waiving it vis-a-vis the enforcement proceeding. Right. Which they might not even be party to necessarily. I mean, it's their assets. But the money might be held by a bank, which is what typically happens. And then litigation is against the bank. But even if they were party, they could waive it as to the enforcement proceeding. I don't know if they can waive it retroactively as to this proceeding. And they haven't waived it as to this proceeding. And they haven't. Correct. So what would happen on remand? So is there any reason to think that on remand, suppose that it did go back for personal jurisdiction, is there any reason to think that even if you prevailed on personal jurisdiction, that anything differently is going to happen with respect to the active war exception? Well, I don't know. We certainly hope so. But I think that two things. First of all, Would you have an argument that the district court, that something, in other words, is there something in personal jurisdiction that's germane to the question of active war, or are we just going through an exercise? Which I'm not saying we shouldn't go through the exercise. But are we just going through the exercise to get to the inevitable point that we're going to just face the same issue again? Two points. The Supreme Court, I think this is Justice Ginsburg, and I forget which case. Determining jurisdiction is not a legal necessity. It's an obligation. And it has to do with the power of courts. You can't just skip it. And even though it might result in redundancy, those are the rules. And the Supreme Court has been very, very clear about that. Second, I'm not saying this is what's going to happen. This is all hypothesis. It has not been discussed. I'm being very clear. It has not been discussed internally among the attorneys. There are cases right now in New York involving the same defendants. It will be mitigated regarding personal jurisdiction. It's possible, and this is my hypothesis, and speaking individually, that the case might be transferred there. We might try to transfer the case to New York. We might oppose it. I don't know. But there is certainly a possibility that this case could wind up in New York, in which case the active war decision will be determined by a New York court. What's the status of personal jurisdiction in the New York courts? There's a motion for jurisdictional discovery currently pending. I'm not personally directly involved in the litigation, but from 30,000 feet, that's what I know. But you're assuming that this is jurisdictional in the Steelco sense. We have case law to the contrary. Which case, Your Honor? I'll pull it for you in a minute. That is not the way the D.C. Circuit has been reading it, to put personal jurisdiction in the category of Article III jurisdiction. That would force us to follow the Steelco notion that you must decide jurisdictional questions first. I'll give it to you in a minute. Apart from the standing, to me it really does sound like a bootstrapping request to get us back again to try again, and I'm not understanding how you have the standing to make the claim. But quite apart from that, the law in this circuit, there's a split in the circuits, but the law in this circuit doesn't tend to favor you. Your Honor, respectfully, I think the Forrest case is right on point and says exactly what we needed to say. I mean, if Your Honor has another case, it's more recent. Forrest was decided in 2016, I think. I'm not saying you necessarily lose on that, but I think it's a little bit different to say that you can do personal jurisdiction as a threshold matter at the outset as to say that you have to do personal jurisdiction in a steel company sense. They're not oscillated. Of course you can, but that's not the question. In that case you're referring to is not apt. I'm talking about you must is the Steelco question. To the extent that we've opined on it, you said the opposite. Your Honor, respectfully, I wish to know which case you're referring to. Shalabi. Shalabi. Yes, Shalabi. Let me just refresh my memory here. I can't find it, no. I actually wrote some notes on that case as I was going through this. I guess you've got SINOCAM. I'm sorry? I guess you've got SINOCAM, the language from the Supreme Court's decision. Correct. I think SINOCAM is extremely helpful. I don't know. That's a good one for you. And FORAS is, I think, probably helpful for you, too. I mean, I'm not sure I agree with that, but I am sure that's not relevant, that I don't agree with it because it looks like the Supreme Court has lumped personal jurisdiction in. Respectfully, I think the case law is fairly clear. No, it's not fairly clear. I mean, the sense of your argument is there may be some law subsequent to the decisions to which I'm pointing, including Lexmark, which should cause us to shift our position, but the law on the circuit now is not clearly in your favor. Quite the contrary. Now, you may have notes. Which I would take the advice, unfortunately. Yeah, right. Those cases do not support your position in saying that personal jurisdiction is among the jurisdictional requirements that must be decided under Steele Co. I understand there have been later developments, and there's a way to play that out, and the panel will have to think about whether we're prepared to do that. There's language in other cases, including Lexmark, but I'm not sure. And the Supreme Court's more recent cases than the Northeastern. There's a way to try, and we would be changing the law of the circuit, though. Unfortunately, it's difficult for me to respond with the time I have right here, but... Can I ask you this question? So there's an Alien Tort Statute claim in this case also. So you don't think that your argument as to active or also applies to the Alien Tort Statute? In other words, that because the district court went ahead and addressed the merits without reaching personal jurisdiction, that was a problem? I think that the Alien Tort Statute is... Is this my time including rebuttal time? We'll give you some rebuttal time. Don't worry about that. The Alien Tort Statute is a jurisdictional provision. So I think that that works a little bit differently because when you're deciding the merits of the Alien Tort Statute, you are necessarily deciding jurisdiction. But does that mean... So is there any such thing as a 12b6 motion in an Alien Tort Statute case? That's a great question. They're filed all the time. I'm not sure that that's... But it sounds like based on your argument, and maybe the other side sounds like they agree with you on this, that there's no such thing as a 12b6 argument, that everything is actually a 12b1 argument necessarily because it's an Alien Tort Statute. Again, it's litigated all the time like that. I know it's litigated all the time like that, but is it right to litigate it like that? I'm not sure. I don't think so. But I don't know. Well, suppose you had a situation in which, for example, the defendant... You bring a suit, and the defendant doesn't even make an argument as to extraterritoriality, and then it goes up on appeal. It sounds to me like you'd acquiesce in the notion that there's been no waiver, there's been no forfeiture, because you can't waiver forfeit subject matter jurisdiction, and you as the plaintiff would be in the position of having to litigate the question of extraterritoriality, even though by hypothesis the defendant never raised it. I mean, yes. Yes, but the caveat that I'm on the spot. I mean, I might think differently. That's just one of the weirdnesses of the Alien Tort Statute. You can say that. It's a very, very unusual statute, and it makes it very difficult. I don't think that's right. I'm not necessarily sure that's right. But it seems like the upshot of your view would be that. I think so. I can tell you right now that that sounds correct. As to extraterritoriality, it's the same argument that I made with regard to personal jurisdiction. The record is just inadequate, just based on... Given all that we know now, things that have come out now that weren't known before, that are available to the court, publicly available things that are filed in buckets elsewhere, but were not part of the record, I don't know that this court can reach the issue just yet. I mean, we've put in our briefs significant evidence that there's a great body of new evidence out there that just wasn't considered by the district court before. I think that veritu remand would be the proper approach to allow the district court to consider it in the first instance. But was there any effort to put that evidence into the record after Kiobel came down? After Kiobel? No. Please understand, though, that the motion was filed 2 years before Kiobel was decided. It was sitting dormant. We didn't know. We were very confused. The case kind of flew off the map. Kiobel came down. I forget if it was 2 months or 4 months, but one or the other. And the decision came down. It caught us by surprise. Our opponents didn't put Kiobel in a letter noting subsequent authority. The case didn't exist as far as we knew. It was in a very strange state of limbo. Kiobel didn't exist? I was not personally involved. I think it was assigned to Chief Judge Roberts before his unfortunate situation. So we had no idea what was going on. It would have put us in a very strange position to come to the court and say, here's this new authority, all this new evidence in a case that a motion was pending for 2 years. I want to come back to one point. Can you tell me how you have time? Is your appeal timely under Cambridge? Under Cambridge? 100%, Your Honor. For many reasons, and in 30 seconds I can't. Take the time you need. We'll give you extra time. Don't worry. I appreciate that. I do want to come back to something Judge Kavanaugh asked a while ago. There's time when this question is important. There's nothing else to talk about. You're not here on time, and I'm struggling with that. And there's a split. I'm just telling you the question to answer. There's a split in the circuits, 5th and 9th. I think it's 9th. Not the 9th circuit position. The other one seems a more fitting resolution of the issue, and if I followed that, you would not be timely. Your appeal would not be timely. Respectfully, I disagree. I'm sure you do. I'm asking you what's your answer. Even under the 5th circuit standard, which I would argue doesn't apply, but let's just hypothetically. Under the 5th circuit standard, nevertheless, I think that we would still survive. Because even though the 5th circuit held, if I remember correctly, that the clear express intent for future proceedings is not relevant, nevertheless, Iran was served before the time to appeal had run. The time to appeal, I think, would have been February 17, 2014, and they were served on the 16th. We made it by one day, but we made it. Moreover, the procedural requirements for service were done many months before. It's a long process to serve a foreign state that doesn't have diplomatic relations. We completed our obligations, I think, by October of the prior year, way before the order was entered under Rule 58. So I believe even under the 5th circuit standard, we'd win. I don't think the 5th circuit standard is the law of the circuit. Cambridge expressly reserved the question. Yeah, Cambridge merely reserved, but we may be looking at wrong dates. I don't see how you make it in time. With the service, that's perplexing to me. I'll have to go back and look at the dates again. I believe it's in our reply brief. I'll try to flip through. Unless you want to ask further questions on this particular issue, why don't you hand it over? Cambridge asks whether or not the parties were served at the time of the order dismissing the claims, not at the time when the appeal ran out. You're answering the wrong question. If you're going to follow Cambridge, it asks whether the other parties were served at the time of the order dismissing the claims against the served defendants. That's the test. Your Honor, you're correct. Okay, so you don't meet that. You said they were served in time. Not under Cambridge, they were not. Under Rule 54, the fact that they were served in time makes them parties. Your Honor, you've got to follow the law of the circuit. If I'm following Cambridge, I've got to follow that test. It is not at odds with the federal rules, and you don't meet the test. So I'm trying to figure out how the appeal was finally... I can't get to any of the rest if you don't have the final appeal. Forgetting the concerns about personal jurisdiction. Agreed. Cambridge was dealing with a very, very different factual scenario. Therefore, it didn't address this particular issue. Which issue didn't get addressed? The fact that this party was served... The party was never served in Cambridge. In our case, the party was served before the time the appeal would have run. I'm saying that that makes it very difficult... The problem is they set a test that addresses that question. I don't believe it addresses that question for the simple reason that that would have made it contrary to Rule 54. Rule 54 requires that there not be more than one party. And what Cambridge says is that you look at the served parties. Those are the relevant parties for the purposes of Rule 54. But what I'm saying is that you have to look at that period throughout the entire time that the appeal was available. Cambridge doesn't talk about that. I agree. But it's necessarily true because at that point, there are now two parties. And we can't proceed with the appeal against one of those two parties at that point. So even if the order had been entered and the attempt to appeal had started, it couldn't have possibly run on us. Because, again, by the time that would have happened, there was now another party. Including if you follow Cambridge. You're saying you don't like the implications of Cambridge and I'm not sure that's fairly satisfying. I'm saying that... Because the words in Cambridge are clear how you run the clock. Well, there is language in Cambridge that's clear, but then Cambridge goes on to say more. So I'm not sure how clear it is ultimately. It seems to contradict itself. I mean, it seems to me you're saying you don't really have an answer and you'd like to play the footnote out to your advantage, but I don't see how you get around Cambridge. Incidentally, and I'll let you look at it on rebuttal. I'm not going to waste any more of your time. The cases that I'm talking about from this circuit are post-Senna-Cramer. Which case? Cramer v. Gates and Schiavone v. Hashimoto. Just one other point regarding personal jurisdiction. And also, a steel coal applies only to Article 3 jurisdictional issues. And I'm not saying... I don't know whether that's right or wrong if I'm writing on a blank slate, but I know what we've said. And so the question is, is the law of the circuit clear in a way that disposes of what you raise? I know how I would argue on either side of it, and I'm not giving you the back of the hand in your argument, but I am saying to you I am bound by circuit law, and there are a couple of opinions in this circuit that go against you. And the circuit is bound by the Supreme Court law? No, you're telling me this is post-State Senecam? I mean, I... Okay. I'll take a look. Judge Kavanaugh, you asked me about personal jurisdiction. Yeah, you had one additional point you wanted to make. I have one word. Yeah. You asked me about subsequent changes in law. That's my answer. Okay. I can explain. If there are no further questions... Okay. We'll hear you on rebuttal. Thank you. Good morning. Good morning. Jeremy Fry for Bank of Santa Ana, Iran and Bank of Santa Ana, PLC. The district court should be affirming he got it right. Judge Lamberth got it right.              No, you're telling me this is post-State Seneca? No, you're telling me this is post-State Seneca? No, you're telling me this is post-State Seneca? We agree that there is not jurisdiction. You have not waived your personal jurisdiction? We have not, Your Honor. Nor are you waiving it here? We are not. Okay. And what do we do with the for-us case of our court, which seems to suggest,   in different directions, but seems to suggest that we have to address personal jurisdiction with lower authority. I'm not sure you're in agreement with what our court does before hitting the merits. So there are several reasons why, Your Honor, there is no defect in hypothetical jurisdiction that is presented in this case, even if this court should get so far as hypothetical jurisdiction because, in fact, this is a final order. We'll get to that. I'm sequencing, and I'll just start with personal jurisdiction. But we'll get to that, too. So there's several reasons why there is no issue with hypothetical jurisdiction. It is not the law, the circuit, that there's an issue that was presented here. It is also that... When you say that, how do you deal with for-us specifically, which is a 2016 case? Yes, Your Honor. So we believe that, with respect to for-us, that for-us is not controlling. And the reason is... For-us was very critical of the district court in that case for not addressing personal jurisdiction before the merits. So primarily, it's because the issue is not an Article III question. But for-us didn't stop on that. And also because... You might think for-us is wrong, and I might agree with you, but for-us goes out of its way to be pretty tough on the district court there for not doing personal jurisdiction first. So we think, even on that reading of for-us, that for-us is not a problem because Judge Lamberth, in this case, specifically denied he was assuming hypothetical jurisdiction in his opinion. He may not have addressed personal jurisdiction as compared to subject matter jurisdiction, but this is unlike any other hypothetical jurisdiction case I think that's ever occurred because, in this case, this opinion of Judge Lamberth says, I am not assuming hypothetical jurisdiction. And there is, therefore, no basis to assume that the court turned around and did exactly what the court was denying. So you're saying he implicitly concluded that there was personal jurisdiction? He implicitly considered the issue of personal jurisdiction for the purposes of his power. That doesn't mean he found personal jurisdiction. That means only that whatever was required was satisfied. I don't understand that. Sure. So the court, in this opinion, said, I am not assuming personal jurisdiction. I am not assuming hypothetical jurisdiction. Right. And by that, he then went on to address subject matter jurisdiction. And by doing that, he did not fail to consider the power of the court with respect to the issues that were presented in the case. That's not to say he found whatever he needed. I don't understand what it means to say fail to consider because that makes it sound like for subject matter jurisdiction it's okay if you just consider it but you don't resolve it. That can't be right. You have to actually decide that jurisdiction exists, right? It's not enough to say there is a jurisdictional question. I'll consider it but I'm going to do the merits first. I don't think any of the cases provide any particular standard for the purposes. Why are you not addressing the Chiavalli and Kramer? I mean, maybe there's a conflict in our opinions but Chiavalli says nothing in the Supreme Court's recent cases and this is after Senator Kramer. It requires us to depart from treating steel coders relating only to three jurisdictional issues. Yes, sir. Which is consistent with the other circuits that have gone that way. And that is correct. I'm looking at Forrest and Forrest, I mean, there's a lot of language in there but they're not addressing Chiavalli at all or the other case and it's not a large statement on personal jurisdiction. It focuses a lot on subject matter jurisdiction which is an article 3 issue. So, I mean, maybe we have a split within our own circuit. I don't know. Maybe you can get that out of Forrest but Forrest certainly does not officiate the holding in Chiavalli. I agree. But how about this with those cases? Do you have a position on this? If the alternative in those cases was a question of statutory jurisdiction, right, so the choices between article 3 and statutory jurisdiction, as I recall those cases, they stand for the proposition that we don't care about statutory jurisdiction what we care about article 3 but they didn't specifically involve personal jurisdiction. I'm not saying that they don't resolve the question. They might actually. But at least it seems to me there's a possible distinction in that they involved the choice between article 3 and statutory jurisdiction whereas this one involves personal jurisdiction which is somewhere in the middle arguably. I don't know that that's true but that's an argument. Thank you, Your Honor. And so once again... Well, I agree, I think, with what Judge Srinivasan just said but that then leads us to Forrest which it... is personal jurisdiction and that's our court last year saying a district court erred significantly by not first considering personal jurisdiction before going to the merits. Now again, I'm not sure I... what I think about that but I'm sure that's what it says or at least I was sure I'm reading it right now again but... and you don't think there's personal jurisdiction here Correct. So the bottom line question I have is why shouldn't we just send it back to the district court for the quick determination hopefully quick of lack of personal jurisdiction because under the Supreme Court's recent personal jurisdiction cases which I'm sure you enjoy it's very difficult to show personal jurisdiction in this case most likely. So for any number of reasons, Your Honor. First of all, as we've indicated we think this is an article 3 issue. Okay. Article 3 issue. Secondly, we think that the issue on which this case was decided to act before is an issue of subject matter jurisdiction. And as a matter of subject matter jurisdiction it is not even in the event that an artifact personal jurisdiction Right. is required. On that point, unlike the Alien Tort Statute which does speak kind of oddly as Judge Trinabasan was pointing out to jurisdiction this statute does not have that jurisdictional language and it does seem odd to think that to me instinctively in looking at the body of case all that act of war determination would somehow be jurisdictional. So flesh that out for me. So the reason that we think act of war is a matter of subject jurisdiction is because of its placement and function in the statutory scheme itself of the ATA. It is presented separately with a cross reference to section 233 the cause of action and which in turn refers to jurisdiction. And the text itself directs that this limitation is in substance directed at the power of the court and not as an issue of merits because it governs all civil causes of action that arise under section 233. It is akin to the political question doctrine as noted by Judge Lamberth in his opinion. So can I ask you this about this line of argument which is that 2336 is entitled other limitations. Yes, sir. So we look at the statute that precedes it which is the statute that speaks of limitations and this is the appendix to that which is other limitations. If you look at the statute 2335 that's limitations the limitation that's at issue there is a statute of limitations which everybody agrees is non-jurisdictional. I think the answer is it depends upon the context in which the issue is being joined and the function So do you think that 2335 is a matter of subject matter of jurisdiction? No, I don't. But to analogize Okay, so let's just let me just finish this question and then please I don't mean to cut you off but so my question is this if 2335 everybody agrees including you is non-jurisdictional and it's a statute of limitations and it also uses the word maintained it seems to me there's something a little bit odd in saying that the appendix to that provision which is other limitation somehow comes back into the can of jurisdiction in that it also uses the word maintained. So and we believe the court is right to focus on that language it depends on the context in which the issue arises and so for example if we consider act of war and in fact I think your reference to 2335 is in an oblique way kind of helpful to our position on this issue and that is it would be as if act of war was a statute of limitations with a zero time period and that's part of the reason in which we can observe the operation of 2336 joined as it is with 2337 which is clearly jurisdictional and also uses the language of maintained so I think it depends upon the context and the structure and the operation of the statute and the specific provision in the statutory scheme I don't think you know the term limitation as we've seen from the Slusa case S-L-U-S-A that we've referred to in any way under my support so I don't think limitation is necessarily dispositive because I think it could at least there's good arguments that it could be construed both as jurisdictional and non-jurisdictional but where you have other limitations following a limitation that is non-jurisdictional that seems to be a context that would suggest that this one too is non-jurisdictional and I'm not sure whether your honor is referring to the other limitations in 2336 or 2335 but in 2336 the other limitations were only added after the statute was originally enacted as a standalone provision with no other provisions in 2336 than the provision with respect to with respect to active war so um the upshot of saying it's jurisdictional would be that even if active war was not raised the court would have to consider it correct that's strange why would that uh why would that scheme be set up by congress so at the end of the day your honor this is about whether or not these kinds of actions toward claims arising for example from battlefield torts battlefield torts whether they are going to be heard by the court in the first instance and we think there's wisdom in the provisions with respect to active war in section 2336 separately presented as it is in the statutory scheme to pretermit the allowance of causes of action to continue on i hear you but if a party doesn't raise active war or affirmatively waives it by calling it jurisdictional the court still needs to consider it independently and that that a seems odd but i take your point on the broader concept the second point i wanted to raise is the supreme court's told us repeatedly over the last 10-15 years that in situations where it's ambiguous don't call something jurisdictional i'm shorthanding that but that's the basic message from the supreme court and why doesn't this fall within that general principle and there are adequate indications in the statute to rebut exactly that point and these are the issues that we both presented in our briefs and have presented here section 2337 clearly jurisdictional and yet it operates in the same way it's functioned within the statute it is not analogous to a statute of limitations and it does bear remarkable resemblance for example to the provision in section 2337 which is the language of subject matter jurisdiction can you get the time on this at some point on the appeal yes go to that i'm happy to address that as your honor might imagine because the reason that there is we're never going to reach these arguments about article 3 and 4 asked or the issues associated with active war which are quite important in this case are never reached because the plaintiffs waived their appeal and to the extent this separate order issue is banging around in the 150 days or 180 days from the date cambridge is clear that the issue is not whether or not another party is at during that period of time it is measured from the time at which the order is entered and if it's 30 days they're out of time if it's 150 days they're out of time if it's 180 days they're out of time because they did not file in that period of time so the answer about the separate order issue is really not important what about the fact that the district court order arguably anticipated additional proceedings and there is language about that concern in cambridge how do we deal with that here because it does seem like the district court if we took your position I could see someone thinking this was not fair given how the district court order was phrased some of those provisions that are contained in the order specifically notice the plaintiffs that the order is final because there are no other unserved parties so in that respect the other provisions of the order are not concerning to the extent it constitutes a contingency the case cited as supplemental authority by the plaintiffs is actually a nice counterpoint for that a t is involved a court order in which there was a finding without prejudice I'm sorry with prejudice but there was also a provision with respect to the potential filing of additional complaints in that case they are addressing a situation where there is a party before the court in Cambridge and for purposes of rule 54b there are no parties is there anything the district court can do in the situation where a party hasn't been properly served to keep the case going or are you saying that any time the district court enters a judgment as to the parties that have been served it's just some technicality it doesn't matter that the judgment is final the clock starts ticking right away the judgment is final and the clock starts ticking and that means piecemeal appeals and of course that can be managed by the court it can be managed potentially by the district court and the district court can be managed by a jury and the district court can be managed by the jury and the district court can be managed by a jury and   court can be managed by a jury and the district court can be managed by the jury and the district court can be managed by the district  can be managed by the district court purposes of this question also there are some some kind of aggravating facts in a sense here the plaintiffs decided so if you've been plaintiffs counsel and you got this order you would have said oh I've got to appeal right away. I got to throw down even if it's rule 482 I've got to throw down a notice of appeal because I have nothing to lose. The structure of our rules say there is no problem with filing too early on a final order. You have there is a great liberal standard for plaintiffs. You only get a problem when you do not file in time because that is jurisdictional and that's what happened here and of course there was the filing I think under rule 54 that ultimately came two years later in which and it's on the docket that indicating that the plaintiffs were seeking a final order from Judge Lindbergh but they then withdrew it and we think that is further indication that there was tactical decisions that were going on for all those reasons. We think Judge Lindbergh's order was a final one and it was final whether it's as I said 180 days or 30 days. I don't think that issue ultimately governs the result because the appeal is ultimately not noticed until I think 2016. Act of War. Does the court want to hear about Act of War? I mean just briefly Act of War is a very important matter and it is not as the plaintiffs say the obverse of an act of terrorism. These two issues are completely separate and that's indicated by the text with the separate presentation of Act of War and what we did not make the mistake that you've seen sometimes some of the fractured jurisprudence that surrounds Act of War. So Act of War in this case requires an armed conflict and the conduct being in the course of that conflict by military forces of any origin. How do you tell a military force from a terrorist group? It is a function of the context in which the hostilities are engaged context and it is a function as Judge Lambert found of capacity. Do you agree with the premise of the question which is that they are mutually exclusive? Yes, that's what I was going to ask you. Are they mutually exclusive? Terrorist groups and military forces. Definitely not. You think there is overlap? Definitely. No question. How do you tell an unaffiliated terrorist group from a loosely constituted terrorist group from a terrorist group that qualifies as a military force? Is there capacity at the time in question in this case? It was easy to observe because they were engaged in battle in essence with an invading national military. It isn't a situation which we keep saying this is nowhere near a suicide bomber organized by a terrorist group that sent into a civilian area. That's not what we're talking about. We're also not talking about, for example, the situation in            which a terrorist  that    a civilian area with an invading national military group that sent into a civilian area with no military objective at all. This is something that Hezbollah was doing before this conflict, something that they would have done after this conflict and will probably unfortunately do again. This is their policy. They were doing it to kill civilians. That is not an act of war. That is an act of terrorism. That is what Congress wanted to do. They wanted to resolve it. Thank you. The case is submitted.
judges: Kavanaugh, Srinivasan, Edwards